UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HEISS PRODUCTS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-91-ZMB |
| | ) | |
| WATLOW ELECTRIC MANUFACTURING | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Watlow Electric Manufacturing Company's Motion to Dismiss and Strike Class Action Allegations. Doc. 42. Because Missouri law prohibits the Court from considering the parties' contract-interpretation arguments at this time, it denies both requests.

Plaintiffs filed their Complaint in January 2025. Doc. 1. Following service, Watlow Electric moved for dismissal. Docs. 29–30. Several weeks later, Plaintiffs filed their Amended Complaint, Doc. 38, and Watlow Electric renewed its motion to dismiss, Docs. 42–43. The matter is now ripe for adjudication. Docs 51, 56.

Thoroughly examining the briefs, the Court notes that many of the parties' arguments require the Court to engage in contract interpretation at the motion to dismiss stage. *See* Docs. 43 at 4–10; 51 at 3–7, 9–10; 56 at 3–9. Contract interpretation is an issue of state law, *see Miller v. Honkamp Krueger Fin. Servs.*, 9 F.4th 1011, 1016 (8th Cir. 2021), and the parties do not appear to dispute that Missouri law applies.

Recently, the Missouri Supreme Court held that, "[w]hile contract interpretation is a question of law to be decided by the courts, it would be premature to answer that question definitively on a motion to dismiss, for which the only inquiry is whether the plaintiff has stated a

**cognizable** claim." *Bell v. Shelter Gen. Ins. Co.*, 701 S.W.3d 614, 619 (Mo. banc 2024) (emphasis in original). In light of *Bell*, this Court is barred from addressing many of the parties' contract-interpretation arguments at this stage of the litigation. Given this limitation, and after examining the Amended Complaint, Doc. 38, the Court finds that Plaintiffs have adequately pled their claims for breach of contract, breach of the duty of good faith and fair dealing, and unjust enrichment. Whether Plaintiffs "construction is actually correct is a matter for summary judgment, judgment on the pleadings, or trial – when the court decides the **merits** of adequately pleaded cases." *Bell*, 701 S.W.3d at 619. In other words, the Court would be able to consider the dismissal arguments in any future dispositive motion—including a motion for judgment on the pleadings that could be filed at any time after Watlow Electric files its Answer. FED. R. CIV. P. 12(c). In the meantime, however, the Court denies dismissal.

Further, because the resolution of the parties' dismissal arguments could moot the parties' arguments on Watlow Electric's motion to strike class action allegations, in the interest of judicial economy, the Court denies the motion to strike without prejudice. However, Watlow Electric may renew those arguments alongside any future dispositive motion.

## CONCLUSION

Accordingly, the Court **DENIES** Defendant Watlow Electric Manufacturing Company's [42] Motion to Dismiss and Strike Class Action Allegations.

So ordered this 5th day of March 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

2